UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| marchFIRST, INC., et al, ) | Case No. 01 B 24742 |
| ) | |
| Debtors. ) | |
| ) | Honorable John D. Schwartz |
| ) | |

## MEMORANDUM OPINION

This matter comes before the court on the Trustee's Fourth Omnibus Objection to Claims (Late Claims) filed on June 10, 2005 ("Objection") seeking an order that all claims filed after the claims bar date be deemed tardily filed under §726(a)(3) of the Bankruptcy Code, 11 U.S.C. 101 et seq.[1] Claimant Oracle USA, Inc. (formerly Oracle Corporation) ("Oracle") filed a response to the Objection seeking to have its claim, which is claim no. 5199 ("Claim"), allowed as timely filed. For the reasons hereinafter set forth, the Trustee's objection will be sustained.

### Facts

On April 12, 2001, the debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Delaware Court"). On April 26, 2001, the cases were converted to cases under chapter 7 of the Bankruptcy Code.

By order dated May 18, 2001, the Delaware Court approved an agreement between the chapter 7 trustee and Donlin Recano & Company, Inc. ("Donlin") pursuant to which Donlin was appointed and serves as official claims and noticing agent in these cases.

---

[1] All references to the Bankruptcy Code are to the Bankruptcy Code as it was prior to October 17, 2005, when significant amendments became effective. The amendments do not affect these pre-existing cases.

By order of the Delaware Court dated June 14, 2001, the deadline for creditors to timely file claims against the estates was fixed as October 11, 2001 ("Bar Date"). On June 22, 2001, Donlin caused a "Notice of Chapter 7 Bankruptcy Case, Notice of Meeting of Creditors & Deadlines" ("Bar Date Notice") to be mailed to creditors. The Trustee supplied a sworn declaration of Novia Gayle, an employee of Donlin, stating that the Bar Date Notice was mailed to the list of parties attached the declaration. The list includes nine addresses for Oracle Corporation and eight addresses for entities that are also called Oracle or have Oracle as part of the name. One of the addresses was:

Oracle Corporation
500 Oracle Pkwy
Redwood Shores, CA 94065

On June 25, 2001, Oracle's attorney executed a "Request for Special Notice and Inclusion on Master Mailing List" ("Request for Notice") with the marchFirst caption. On July 3, 2001, Laureen Spini, an employee of Oracle, mailed the Request for Notice to the Clerk of the Court for the Delaware Court. The Request for Notice provides the following address for Oracle:

Dorian Daley
Assistant General Counsel
Oracle Corporation
500 Oracle Parkway
Mail Stop 5op7
Redwood City, CA 94065

On July 10, 2001, these cases were transferred to this court, at which time the Trustee was appointed interim trustee and subsequently became the permanent trustee.

Oracle claims that it first learned of the Bar Date in November 2001 when it received a pleading from another party to the cases stating that the Bar Date had been set as October 11,

2

2001. Oracle then filed its proof of claim, by overnight mail, on November 14, 2001. Oracle argues that it did not receive proper notice of the Bar Date and that due process and excusable neglect under Fed. R. Bankr. P. 9006(b) warrant treating the Claim as timely filed.

### Discussion

Section 726(a)(2)(C) of the Bankruptcy Code allows a creditor to participate in the distribution from a bankruptcy estate despite a late filing if the creditor "did not have notice or actual knowledge of the case in time for timely filing a proof of such claim ..." 11 U.S.C. §726(a)(2)(C). A creditor seeking the protection of §726(a)(2)(C) must show that it had neither notice nor actual knowledge of the case in time to timely file its proof of claim. See Fogel v. Zell, 221 F.3d 955, 964 (7th Cir. 2000).

A creditor has adequate notice of a bar date if the means chosen to deliver notice is reasonable. Fogel, 221 F.3d at 962-963. Reasonable notice is defined by the Supreme Court as "notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950). "Under the Mullane standard the reasonableness and the constitutional validity of a chosen method of notice requires that the method be reasonably certain to inform those affected, but does not require the very best method of service of process. [Citation omitted]. A creditor who challenges the accuracy of a listed address bears the burden of proving that the address used was so incorrect as to fall short of the threshold. [Citation omitted]." In re Harrell, 325 B.R. 643, 648 (Bankr. M.D. Fla. 2005).

When notice is mailed to the address from which a corporate creditor conducted business

with a debtor, notice of a bar date is reasonable and sufficient to satisfy due process concerns. <u>In re Glenwood Medical Group</u>, 211 B.R. 282, 285 (Bankr. N.D. Ill. 1997). Where a properly addressed notice is mailed to a creditor, there is a presumption the creditor received the notice. <u>Glenwood Medical Group</u>, 211 B.R. at 286 (citing <u>Hagner v. United States</u>, 285 U.S. 427, 430, 52 S.Ct. 417, 419 (1932)).

Here, the Bar Date Notice was mailed to multiple locations for Oracle, including an address with the same street number and zip code as the address that Oracle put in its Request for Notice. Oracle has failed to rebut the presumption that it received the notice except to submit the declaration of an employee of Oracle's legal department that she reviewed the mail and did not see the Bar Date Notice. The Trustee's Bar Date Notice was mailed to at least one appropriate address and was reasonably calculated to apprise an interested party of the bar date and afford it an opportunity to timely file its claim.

Furthermore, Oracle had actual knowledge of the case as evidenced by its Request for Notice. The cases were converted to chapter 7 on April 26, 2001. The Federal Rules of Bankruptcy Procedure require that a meeting of creditors be held no more than 40 days after the order for relief is entered. Fed.R.Bankr.P. 2003(a). A proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors. Fed.R.Bankr.P. 3002(c). Oracle sent its Request for Notice in July; by July, a corporate party with a $1.1 million claim in a bankruptcy case of which it has actual knowledge should be checking the docket for a bar date.

Oracle cites to this court's opinion in <u>AM Int'l, Inc. v. Wella Corp.</u>, 142 B.R. 252 (Bankr. N.D. Ill. 1992) as support for the proposition that even creditors who have knowledge of a reorganization case have a right to assume that they will receive reasonable notice before their

4

claims are barred. AM Int'l, presented an entirely different set of circumstances and an entirely different issue. The creditor challenging the bar date notice was not a scheduled creditor and so it had not received any documents in the case. The notice of bar date was published in the Wall Street Journal, but the issue turned on the content of the notice, which did not contain all the names the debtor had used, including the name the creditor had known. Under Mullane, this court found that the notice was not reasonably calculated to inform the creditor so that it could determine whether it held a claim against the estate.

In this case however, Oracle had both reasonable notice and actual knowledge of the bankruptcy case in plenty of time to file a timely proof of claim. Therefore, Oracle is not entitled to participate in the distribution from the estate on a par with creditors that timely filed proofs of claim.

Oracle raises a second issue, that its Claim be deemed timely because the late filing was the result of "excusable neglect." Under Fed.R.Bankr.P. 9006(b), a bankruptcy court may deem a claim timely filed if the late filing was the result of "excusable neglect." However, the excusable neglect standard applies to late filed proofs of claim in chapter 11 cases, but not chapter 7 cases due to policy differences between the different chapters of the Bankruptcy Code. Pioneer Investment Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 389 113 S.Ct. 1489, 1495 (1993); In re De Vries Grain and Fertilizer, Inc., 12 F.3d 101, 105 (7th Cir. 1993). Therefore, the "excusable

neglect" standard does not apply to enlarge Oracle's time for filing a proof of claim in these chapter 7 cases.

## Conclusion

For the foregoing reasons, the Trustee's objection will be sustained as to Oracle by separate order.

Date: February 16, 2006

ENTERED:

John D. Schwartz
United States Bankruptcy Judge