UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 3 0 2006
JOHN D. SCHWARTZ
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

In re: )
marchFIRST, INC., et al, ) Case No. 01 B 24742
 )
Debtors. )
 ) Honorable John D. Schwartz
_____ )

## MEMORANDUM OPINION

This matter comes before the court on the Tenth Omnibus Objection to Claims (Insurer Claims) ("Objection") filed by plaintiff Andrew J. Maxwell, as Trustee of the estates of marchFirst, et. al. ("Trustee"). The Objection is addressed to proofs of claim filed by insurance companies ("Insurers") that provided insurance coverage for the Debtors' employees, administrative services in connection with the Debtors' employee benefit plans or workers' compensation insurance coverage to or for the Debtor or its employees. Responses to the objection were filed by United Healthcare Insurance Company, Blue Cross of California and Connecticut General Life Insurance Company (collectively "Healthcare Insurers"). Kemper Insurance Companies and The Travelers, two of the Debtors' workers' compensation carriers ("Workers' Compensation Carriers") have not responded to the Objection.

The Trustee has asked the court to resolve the legal issue common to all of the claimants: whether, as a matter of law, the claims filed by the Healthcare Insurers and the Workers' Compensation Carriers for pre-petition amounts owed them by the Debtors are entitled to be treated as priority claims under §507(a)(4) of the Bankruptcy Code, 11 U.S.C. 101, et seq.[1]

---

[1] All references to the Bankruptcy Code are to the Bankruptcy Code prior to the amendments effected by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

## Background

On April 12, 2001 ("Petition Date"), the Debtors commenced their bankruptcy cases in the United States Bankruptcy Court for the District of Delaware ("Delaware Court") by voluntarily filing petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors moved to convert their cases to proceed under Chapter 7 of the Bankruptcy Code and on April 26, 2001, the cases were converted. By order dated July 10, 2001, the Delaware Court transferred the cases to the United States Bankruptcy Court for the Northern District of Illinois. On July 16, 2001, the Trustee was appointed to serve as successor Chapter 7 trustee.

The Objection was filed on August 8, 2005.

## Discussion

Section 507(a)(4) of the Bankruptcy Code provides:

(a) The following expenses and claims have priority in the following order:
 \*  \*  \*
(4) Fourth, allowed unsecured claims for contributions to an employee benefit plan –
 (A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
 (B) for each such plan, to the extent of –
  (i) the number of employees covered by each such plan multiplied by $4,925; less
  (ii) the aggregate amount paid to such employees under paragraph 3 of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

Congress enacted §507(a)(4) expressly to overrule U.S. v. Embassy Restaurant, 359 U.S. 29 (1959) and Joint Industry Board v. U.S., 391 U.S. 224 (1968) to provide a priority for fringe

---

which do not affect this case.

benefits. In re Saco Local Development Corp., 711 F.2d 441 (1st Cir. 1983)(*citing* H.R. Rep. No. 595, 95th Cong., 1st Sess. 537 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 68 (1978)). The rationale for enacting this provision was the fact that fringe benefits had become a bargained-for partial substitute for salary and that it had become important to preserve these benefits for employees in financially troubled companies. In re Saco, 711 F.2d at 449; Ivey v. Great West Life & Annuity Insur. Co., 308 B.R. 752, 757 (M.D.N.C. 2004).

Nearly all of the courts addressing this issue have concluded that the language of the statute is plain and unambiguous and that claims for unpaid health, disability and life insurance premiums are entitled to priority status under §507(a)(4). Howard Delivery Service, Inc. v. Zurich American Insurance Co.( In re Howard Delivery Service), 403 F.3d 228, 237 (4th Cir. 2005); see e.g., In re Saco, 711 F.2d 441; Ivey, 308 B.R. 752; In re Maxwell Newspapers, Inc., 192 B.R. 633 (Bankr. S.D.N.Y. 1996). This includes claims where the insurer acts as an administrator for a self-funded plan. Ivey, 308 B.R. 752; In re Cardinal Industries, 164 B.R. 76 (Bankr.S.D. Ohio 1993). This court agrees. The language of the statute is straightforward and the claims submitted by the Healthcare Insurers are entitled to a priority under §507(a)(4).

The Workmen's Compensation Carriers are another matter. There is a split of authority among the Circuit Courts of Appeals on the question of whether priority status can be given to claims for unpaid workers' compensation premiums. Three Circuit Courts of Appeals have found that workers' compensation is not a "wage substitute" within the range of fringe benefits Congress had in mind when it enacted §507(a)(4) and that insurers' claims for such premiums should therefore be denied priority status. Travelers Property Casualty Corp. v. Birmingham-Nashville Express, Inc. (In re Birmingham-Nashville Express, Inc.), 224 F.3d 511, 517 (6th Cir.

2000); State Insur. Fund v. Southern Star Foods, Inc. (In re Southern Star Foods, Inc.), 144 F.3d 712, 716 (10th Cir. 1998); Employers Insur. of Wausau, Inc. v. HLM Corp. (In re HLM Corp.), 62 F.3d 224, 226-27 (8th Cir. 1995). Acknowledging that it is in the minority, only the Fourth Circuit has held that workers' compensation claims are entitled to a priority under §507(a)(4). Howard Delivery Service, 403 F.3d at 236.

The majority view distinguishes workers' compensation from an "employee benefit plan," a term which Congress did not define in the Bankruptcy Code. "[T]he term 'employee benefit plan' is limited to wage substitutes ... [and] workers' compensation is not a wage substitute; rather it is an award arising out of a work-related injury." Birmingham-Nashville Express, 224 F.3d at 517. Workers' compensation is also distinguished because it is mandated by state statute and is therefore not a bargained-for benefit. In re HLM Corp., 62 F.3d at 225.

The Fourth Circuit rejected these arguments, finding that §507(a)(4) is plain and unambiguous and that there is no reason to distinguish workers' compensation from any other kind of benefit plan.

This court agrees with the majority of Circuit Courts of Appeals, that workers' compensation is not an employee benefit plan under §507(a)(4) for the reasons stated in the above-cited opinions. Therefore, the Trustee's objection is sustained as to the Workmen's Compensation Carriers.

## Conclusion

For the foregoing reasons, the Trustee's objection will be overruled as to the Healthcare Insurers and sustained as to the Workmen's Compensation Carriers.

Date: **March 30, 2006**

ENTERED:

*[signature]*

John D. Schwartz
United States Bankruptcy Judge