O:\MAXWELL FILES\marchFIRST\claims\UnclaimedFunds\UnclaimedReport (7-18-2013).doc

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| marchFIRST, INC., *et al.*, | ) | Case No. 01-24742 |
| | ) | |
| Debtors. | ) | Substantively Consolidated |
| | ) | |
| | ) | Hon. A. Benjamin Goldgar |

### TRUSTEE'S REPORT OF DEPOSIT OF UNCLAIMED FUNDS

Andrew J. Maxwell, Trustee, by his attorneys, pursuant to 11 U.S.C. Section 347(a) and Federal Rule of Bankruptcy Procedure 3011, provides the following report of Trustee's Deposit of Unclaimed Funds with the Clerk of the Bankruptcy Court:

1. On April 12, 2001 (the "Petition Date"), the Debtors commenced these cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

2. On or about April 26, 2001, the Debtors' Cases were converted to chapter 7 and Michael B. Joseph was appointed interim chapter 7 trustee pursuant to Section 701 of the Bankruptcy Code.

3. On July 10, 2001, pursuant to 28 U.S.C. § 1412, the Cases were transferred to the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), where the Trustee was appointed and subsequently became the permanent trustee.

4. By order of the Delaware Court dated June 28, 2001, the deadline for claimants to timely file prepetition claims against the Debtors' estates was fixed as October 11, 2001.

5. On or about October 10, 2012, the Court entered an order approving the Trustee's Motion to Approve Order Establishing Procedures for Third Interim Distribution to Holders of Allowed

General Unsecured Claims ("Third Interim Distribution"). As result, the approximately 2,300 checks totaling the approximate sum of $10,000,000.00 were distributed to general unsecured claimants. No other interim distributions to general unsecured claimants have occurred after the Third Interim Distribution to date.

A provision for turnover of any unclaimed funds was included in the Third Interim Distribution order, which stated that if a Payee has not been located within 90 days after a check is returned, the check will be deposited with the Court as unclaimed funds pursuant to the Local Rules in this District. A similar provision has been included in prior interim distribution orders in these cases.

The administrative staff made attempts to locate the payees with unclaimed funds, some such payees were located but no valid addresses for these remaining claimants were found.

6. By reason of the foregoing, Trustee has stopped payment on the checks and will deposit on the same date as this report these unclaimed funds by payment of same to the Clerk of the Bankruptcy Court pursuant to section 347 of the Bankruptcy Code.

                                  Respectfully submitted,
                                  Andrew J. Maxwell, Trustee

By:  /s/ *Nicole A. Elipas*
      One of his attorneys

Nicole A. Elipas (ARDC #6303236)
Maxwell Law Group LLC
105 W. Adams, Suite 3200
Chicago, Illinois 60603
312/368-1138